| | |
|---|---|
| **TAMI UZOAMAKA ABANUKAM,** | Case No. _____ |
| 8570 Greenway Blvd, Apt. 412<br>Middleton, WI 53562, | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| **THE LEVEY LAW FIRM, P.A.,**<br>1688 Meridian Avenue, Suite 900<br>Miami Beach, FL 33139, | |
| *and* | |
| **LEWIS J. LEVEY,**<br>1688 Meridian Avenue, Suite 900<br>Miami Beach, FL 33139, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Tami Uzoamaka Abanukam, by and through her undersigned

attorneys, and for her Complaint against Defendants The Levey Law Firm, P.A. and Lewis J.

Levey, states and alleges as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought pursuant to the Fair Debt Collection Practices Act,

   15 U.S.C. § 1692 et seq. (the "FDCPA"), which prohibits debt collectors from engaging

   in abusive, deceptive, and unfair debt-collection practices.

2. The FDCPA's venue provision, 15 U.S.C. § 1692i, requires a debt collector who brings a

   legal action on a debt against a consumer to file that action only in the judicial district

where the consumer signed the contract sued upon or where the consumer resides at the commencement of the action. Congress enacted § 1692i to put an end to the abusive practice of debt collectors suing consumers in distant and inconvenient forums.

3. Defendants violated the FDCPA by filing and prosecuting a debt-collection lawsuit against Plaintiff—a Wisconsin resident—in Broward County, Florida, a forum where Plaintiff does not reside and where she did not sign any contract.

4. Defendants compounded that violation by employing "sewer service." Rather than serve Plaintiff at her actual, known Wisconsin residence, Defendants resorted to substituted service through the Florida Secretary of State and mailed the suit papers to a Florida address at which Plaintiff does not reside, thereby manufacturing the appearance of valid service while ensuring that Plaintiff would never receive actual notice of the lawsuit and that a default judgment could be taken against her.

5. Plaintiff seeks actual damages, statutory damages, and costs and reasonable attorney's fees under 15 U.S.C. § 1692k.

## II.  JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which confer federal-question jurisdiction over claims arising under the FDCPA.

7. This Court has personal jurisdiction over Defendants because Defendants directed their debt-collection activities at Plaintiff in Wisconsin, including by collecting and attempting to collect, and by enforcing or attempting to enforce, a debt and judgment against Plaintiff within this State.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims—including Defendants' collection and enforcement activity arising from the underlying judgment—occurred in this District.

### III. PARTIES

9. Plaintiff Tami Uzoamaka Abanukam ("Plaintiff" or "Ms. Abanukam") is a natural person who, at all times material to this Complaint, resided in the State of Wisconsin.

10. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

11. Defendant The Levey Law Firm, P.A. (the "Levey Firm") is a Florida professional association engaged in the business of debt collection, with a principal place of business at 1688 Meridian Avenue, Suite 900, Miami Beach, Florida 33139.

12. Defendant Lewis J. Levey ("Attorney Levey") is a natural person and a Florida-licensed attorney (Fla. Bar No. 628336) who owns, operates, and/or controls the Levey Firm and who personally signed and filed pleadings in the collection action described below.

13. At all times material to this Complaint, Defendants regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another, and regularly used the mails, the telephone, and the courts in the conduct of their debt-collection business. Defendants are each "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

14. Defendants are jointly and severally liable, and each is liable for the acts of its and his employees, agents, and independent contractors committed within the scope of their agency or employment.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

### A. The Consumer Debt

16. On or about May 8, 2025, Plaintiff entered into an agreement with Mario Che, LLC d/b/a Happy Couples Win ("Happy Couples Win") for relationship and marriage "coaching" services (the "Agreement").

17. The services that were the subject of the Agreement were obtained by Plaintiff primarily for personal, family, or household purposes.

18. The obligation that Plaintiff allegedly owes under the Agreement is therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5) (the "Debt").

19. At no time material to this action did Plaintiff sign the Agreement in Broward County, Florida, or anywhere in the State of Florida, nor did Plaintiff reside in the State of Florida.

### B. Defendants File the Collection Lawsuit in an Impermissible Venue

20. At some time prior to the filing of the collection lawsuit described below, Happy Couples Win retained Defendants for the purpose of collecting the Debt purportedly owed by Plaintiff.

21. On or about November 18, 2025, Defendants filed or caused to be filed a civil action against Plaintiff to collect the Debt, in a matter styled *Mario Che, LLC d/b/a Happy Couples Win v. Tami Abanukam*, in the County Court in and for Broward County, Florida, Civil Division, Case No. COCE-25-043687 (the "Florida Collection Action").

22. Attorney Levey, on behalf of the Levey Firm, signed and filed pleadings in the Florida Collection Action.

23. A true and correct copy of the Notice of Service of Complaint on Defendant by Serving the Secretary of State filed in the Florida Collection Action is attached hereto and incorporated herein by reference as Exhibit A.

24. The FDCPA provides, in pertinent part:

> 15 U.S.C. § 1692i – Legal actions by debt collectors
>
> (a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall —
>
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity — (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

25. The Florida Collection Action is not an action to enforce an interest in real property and is therefore governed by 15 U.S.C. § 1692i(a)(2).

26. Plaintiff resided in Wisconsin at the commencement of the Florida Collection Action, and Plaintiff did not sign the Agreement in Florida.

27. Broward County, Florida was therefore an impermissible venue for the Florida Collection Action under 15 U.S.C. § 1692i(a)(2).

28. Any forum-selection provision contained in the Agreement does not relieve Defendants of their independent statutory obligation, as debt collectors, to comply with the venue requirements of 15 U.S.C. § 1692i. A debt collector may not contract around § 1692i to the detriment of the consumer it sues.

### C. Defendants' Use of "Sewer Service"

29. "Sewer service" is a fraudulent and abusive debt-collection practice in which a debt collector fails to effect valid service of process on a consumer—and instead manufactures the appearance of service—so that the consumer never receives actual notice of the lawsuit and a default judgment can be obtained against the consumer.

30. Courts have recognized that "sewer service" and the procurement of judgments through invalid or fraudulent service can violate the FDCPA.

31. As reflected in Exhibit A, Defendants did not serve Plaintiff personally and did not serve Plaintiff at her actual, known residence in Wisconsin. Instead, Defendants resorted to substituted service through the Florida Secretary of State.

32. In connection with that substituted service, Defendants mailed the suit papers to "575 NE 143rd Street Apt 101, Miami, FL 33161"—an address at which Plaintiff did not reside and which was not Plaintiff's actual residence.

33. Upon information and belief, Plaintiff's Wisconsin residence was known to Defendants or was readily ascertainable to them through reasonable diligence at the time they commenced and served the Florida Collection Action.

34. Upon information and belief, substituted service through the Florida Secretary of State was not authorized under the circumstances and was used by Defendants as a device to obtain the appearance of service while depriving Plaintiff of actual notice of the Florida Collection Action.

35. As a direct and intended result of Defendants' conduct, Plaintiff did not receive timely actual notice of the Florida Collection Action, was unable to defend against it, and a judgment was or could be entered against her.

36. Defendants now seek to collect upon and enforce the resulting judgment, including through collection activity directed into this District.

## COUNT I — VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.

37. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

38. Defendants violated 15 U.S.C. § 1692i by bringing a legal action on the Debt against Plaintiff in a judicial district or similar legal entity other than the one in which Plaintiff signed the contract sued upon or in which Plaintiff resided at the commencement of the action.

39. Defendants further violated the FDCPA, including but not limited to, by:

   a. Using false, deceptive, or misleading representations or means in connection with the collection of the Debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), including by filing suit in an impermissible venue and by manufacturing the appearance of valid service of process;

   b. Using unfair or unconscionable means to collect or attempt to collect the Debt, in violation of 15 U.S.C. § 1692f, including by employing sewer service to deprive Plaintiff of actual notice and to obtain a default judgment; and

   c. Taking or threatening to take legal action, and obtaining and enforcing a judgment, in a manner prohibited by the FDCPA.

40. As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff has been damaged.

41. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to recover actual damages, statutory damages, and costs together with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, and award the following relief:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
D. Such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 24th day of June, 2026.

Respectfully submitted,

/s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey
State Bar No. 1063937
136 East Saint Paul Avenue
Waukesha, WI 53188
Telephone: (414) 377-0515
Email: nathan@dela-law.com


ROBERT W. MURPHY
State Bar No. 1128443
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (434)328-3100 / (954)763-8660
F: (434)328-3101 / (954)763-8607
rwmurphy@lawfirmmurphy.com

Counsel for Plaintiff